*790 OPINION.
Phillips:
There is no contention that the agreement between husband and wife, made prior to the execution of the contract to sell, that the wife should have one-half of the proceeds of the sale was supported by any valuable consideration. It was in effect a promise to make a gift. An executory gift, being a promise to make a gift, has no standing either in law or equity, and that only when executed by physical, symbolic, or constructive delivery of the subject matter will a gift be recognized or enforced. Here the gift was not made until December 29, 1920, when a deed to one-half of the property and an assignment of a one-half interest in the contract was made and delivered by petitioner to his wife. We are convinced that Such gift was then made in good faith, that thereafter one-half of the proceeds ivere legally the property of the wife and that she, in fact, received and retained them.
We come then to consider the effect of the gift made on December 29,1920. The two instruments gave to the wife more than the right to receive one-half of the proceeds which would come to the husband from the sale. They vested in her a present interest in the contract to sell and in the property. If the purchaser defaulted she became the owner of one-half of the real estate and would be entitled, as one of the real parties in interest, to join as party plaintiff in a suit for damages for such breach. Nor would a payment of the entire proceeds to the husband have been sufficient to discharge the purchaser had notice of the assignment been given him.
While an executory gift will not be enforced either in law or equity, a gift which is executed passes the property and will be enforced in the same manner and to the same extent as a transfer of property for .which a consideration was paid.
The assignment created in the wife a vested property right in the property and in the contract to sell. The proceeds were received by her, not because the husband gave them to her, but because, by a prior conveyance, she had acquired the property out of ivhich the proceeds flowed. The assignment was of a contract to sell property and the property to be sold was also transferred to the assignee. The contract to sell was executory; no sale had taken place, no money was then due from the purchaser and no income had yet been realized, or would be realized until and unless the sale was consummated. Before this event took place; before he became entitled to any part of the purchase price, the petitioner convej^ed to his wife one-half of his interest in the real estate and in the contract for its sale. He thereby divested himself of a one-half interest in both the property and the contract and, necessarily, in the proceeds of the sale. When the sale was completed he conveyed his interest and his wife conveyed her interest and each received payment therefor. A distinct line of *791 demarcation is to be drawn between such an assignment of property before it has given rise to income and any assignment which could have been made after the sale was consummated, when all that the assignee could transfer would be the right to receive the proceeds of the sale. We are therefore of the opinion that the petitioner had divested himself of a one-half interest in the property and in the contract for its sale and is taxable only on the gain derived from the one-half interest he retained.
Decision for the petitioner mil he entered on 15 days’ notice, under Rule 50.
Smith dissents.